UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARIA GALLAGHER, Individually,

    Plaintiff,

vs.

CIS HOSPITALITY, LLC, a Georgia Limited Liability Company,

    Defendant.
_____/

Case No.

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, MARIA GALLAGHER, Individually, on her behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, CIS HOSPITALITY, LLC, a Georgia Limited Liability Company, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, MARIA GALLAGHER, is an individual residing at 2886 Fernley Drive E., Unit 61, West Palm Beach, FL 33415 in the County of Palm Beach.

2. Defendant's property, Country Inn & Suites by Radisson, is located at 1365 Hardin Avenue, East Point, GA 30344, in the County of Fulton.

1

3. Venue is properly located in the Northern District of Georgia because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff Maria Gallagher is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Because of the condition of her hip, chronic right trochanteric bursitis, she gets around when going short distances, by the use of a walker or a cane; while going longer distances, she gets around through the use of a wheelchair.

6. The Plaintiff has personally encountered architectural barriers at the subject property, which barriers are enumerated herein.

7. Maria Gallagher travels to Atlanta, GA and the surrounding area each year on her way from her home in West Palm Beach, FL to San Antonio, TX, where her sister and other family members reside. She has close friends in the Atlanta area, whom she visits, some of whom are members of the disabled organization, which she founded, Disabled Patriots of America. She also enjoys the area generally, as

well as the many tourist attractions offered in Atlanta and the surrounding areas, including East Point,

8. Maria Gallagher stayed at the subject hotel, in the near future, which forms the basis of this lawsuit, on June 25, 2020. Mrs. Gallagher plans to return to the property once the barriers to access are removed, so that she can continue to avail herself of the goods and services offered to the public at the property.

9. The Plaintiff has personally encountered architectural barriers at the subject property, which barriers are enumerated herein.

10. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Country Inn & Suites by Radisson, and is located at 1365 Hardin Avenue, East Point, GA 30344.

11. MARIA GALLAGHER has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 9 of this complaint. Mr. Gallagher has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by

the Defendant. MARIA GALLAGHER desires to visit Country Inn & Suites by Radisson once the barriers to access are removed, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

12. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the building, as prohibited by 42 U.S.C. § 12182 et seq.

13. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Country Inn & Suites by Radisson has shown that violations exist. These violations, which were personally encountered or observed by Plaintiff MARIA GALLAGHER include, but are not limited to:

### Accessible Routes

a) There is no marked access aisle adjacent to the vehicle pull-up space of the passenger loading zone making it difficult for the plaintiff to safely traverse to the lobby entrance, in violation of sections 503.3 and 503.3.3 of the 2010 ADA Standards, whose resolution is readily achievable.

b) There is not a compliant path of travel connecting the accessible parking spaces to the accessible entrances making it difficult for the plaintiff to traverse on the accessible route within the site, in violation of Section 206.2.2 of the 2010 ADA Standards, whose resolution is readily achievable.

**Breakfast Area**

c) The creamers are located higher than 48 inches on the counter of the self-serve breakfast station making it difficult for the plaintiff to reach with an obstructed forward or side approach, in violation of sections 308.2.2 and 308.3.2 in the 20101 ADA Standards, whose resolution is readily achievable.

**Common Area-Women's Restroom**

d) The mirror is mounted higher than the maximum allowance of 40 inches above the finished floor making it difficult for the plaintiff to utilize, in violation of section 603.3 in the 2010 ADA Standards, whose resolution is readily achievable.

e) The trash receptacle obstructs the clear floor space for a forward or side approach to the lavatory making it difficult for the plaintiff to utilize it, in violation of sections 305.3, 305.5, and 606.2 in the 2010 ADA Standards, whose resolution is readily achievable.

f) The plaintiff had to use caution when utilizing the lavatory due to the drain pipe and water lines being exposed, in violation of section 606.5 in the 2010 ADA Standards, whose resolution is readily achievable.

g) The 60 inch clearance perpendicular from the side wall is obstructed by the lavatory making it difficulty for the plaint to utilize the water closet, in violation of section 604.3.1 in the 2010 ADA Stnadards, whose resolution is readily achievable.

h) The water closet is missing the side wall and rear wall grab bar making it difficult for the plaintiff to transfer from the chair to the toilet, in violation of sections 604.5.1 and 604.5.2 in the 2010 ADA Standards, whose resolution is readily achievable.

i) The trash receptacle obstructs the clear floor space for a forward or side approach to the soap dispenser making it difficult for the plaintiff to utilize it, in violation of sections 305.3, 305.5, and 606.2 in the 2010 ADA Standards, whose resolution is readily achievable.

**Pool Area**

j) The tables in the pool do not provide compliant knee and toe clearance as required making it difficult for the plaintiff to utilize the tables, in violation of sections 306.2and 306.2 in the 2010 ADA Standards, whose resolution is readily achievable.

**Guest Room 103**

k) The plaintiff had difficulty utilizing the the peep hole due to it exceeding the maximum hieght allowance of 48 inches from the finished floor to the operable mechanism, in violation of section 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

l) The lavatory faucet for the bar counter requires tight grasping and twisting of the wrist to operate making it difficult for the plaintiff to operate, in violation of sections 309.4 and 606.4 in the 2010 ADA Standard, whose resolution is readily achievable.

m) The mirror is mounted higher than the maximum allowance of 40 inches above the finished floor making it difficult for the plaintiff to utilize, in violation of section 603.3 in the 2010 ADA Standards, whose resolution is readily achievable.

n) The plaintiff had difficulty using the the hair dryer due to it exceeding the maximum hieght allowance of 48 inches from the finished floor to the operable mechanism, in violation of section 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

o) The toilet paper dispenser is not in the compliant location of a minimum 7 inches and maximum 9 inches from the front of the toilet to the center line of the toilet paper as required making it difficult for the plaintiff to utilize, in violation of section 604.7 in the 2010 ADA Standards, whose resolution is readily achievable.

p) The bathtub controls are not in the compliant location making it difficult for the plaintiff to operate, in violation of section 607.5 in the 2010 ADA Standards, whose resolution is readily achievable.

q) The bathtub is missing a hand held shower spray unit that has an on/of control with a non-positive shut-off making it difficult for the plaintiff to utilize, in violation of section 608.6 of the 2010 ADA Standards, whose resolution is readily achievable.

r) The bathtub is missing the grab bars in the compliant locations on the wall making it difficult for the plaintiff to transfer from the chair into the bathtub, in violation of section 607.4 in the 2010 ADA Standards, whose resolution is readily achievable.

s) The 60 inch clearance perpendicular from the side wall is obstructed by the lavatory making it difficulty for the plaintiff to utilize the water closet, in violation of section 604.3.1 in the 2010 ADA Stnadards, whose resolution is readily achievable.

t) The towel rack is mounted higher than the maximum allowance of 48 inches and is obstructed by the toilet for a forward or side approach making it difficult for the plaintiff to reach, in violation of sections 308.2.2 and 308.3.2 in the 2010 ADA Standards, whose resolution is readily achievable.

u) The American's with Disability Act of 1990 prohibits discrimination on the basis of disability by public accommodations and commercial facilities to be signed, constructed and altered in compliance with the Accessibility Standards established in the Act. This facility does not meet with all of these Standards, whose remedy is readily achievable.

v) A more detailed report should be completed after an appointment with the property owner or management. There may be other violations of the Americans with Disabilities Act that may be revealed following this inspection.

w) This report and its contents are the work of ADA Compliance Team, Inc. This report should only be duplicated or distributed in its entirety. This report may contain confidential or court protected information; please contact an authorized entity prior to distributing. Conclusions reached and opinions offered in this report are based upon the data and information available to ADA Compliance Team, Inc. at the time of this report, and may be subject to revision as additional information or data becomes available after the date of publication.

### **Maintenance**

j) The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

### **Number and Dispersement of Rooms**

k) The subject hotel lacks the required number of compliant disabled rooms and the compliant disabled rooms are not dispersed amongst the various classes of guest rooms in violation of Section 224.5 of the 2010 ADAAG.

14. All of the foregoing violations are also violations of the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

15. The discriminatory violations described in paragraph 12 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the

Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's building and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

16.     Defendant has discriminated against the individual Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford

all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

17. Plaintiff is without adequate remedy at law and are suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

18. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one

which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

19. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

20. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Country Inn & Suites by Radisson, to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

    **WHEREFORE,** Plaintiff respectfully requests:

    a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

    b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily

accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

e. The Order shall further require the Defendant to maintain the required accessible features on an ongoing basis.

Respectfully submitted,

/s/ Jon David W. Huffman
Jon David W. Huffman, Esq.
GA Bar No. 937966
Poole Huffman, LLC
Building J; Suite 200
3562 Habersham at Northlake
Tucker, GA 30084
Telephone: (404) 373-4008
Facsimile: (488) 709-5723
E-mail: jondavid@poolehuffman.com

John P. Fuller, Esq.,
*pro hac vice pending*
Fuller, Fuller & Associates, P.A.
12000 Biscayne Boulevard, Suite 502
North Miami, FL 33181
Telephone: (305) 891-5199
Facsimile: (305) 893-9505
E-mail: jpf@fullerfuller.com

*Attorneys for Plaintiff*

Counsel certifies that this filing is in an acceptable type and font in accordance with L.R. 5.1(B) and (C), NDGA.